■ RICHARD E. KELLOGG et al., Respondents, v. CARMEN A. DE PASQUALE, Appellant.— Appeal (1) from an order of Supreme Court at Special Term, entered December 18, 1972 in Albany County, which granted plaintiffs' motion for summary judgment and (2) from the judgment entered thereon. On or about May 12, 1965 the defendant and his then wife contracted to sell certain real property located in Altamont, New York, to plaintiffs for the sum of $8,500, pursuant to the terms of a written contract which, among other things, included the following language in relation to a parcel excepted from the proposed sale: "It is also agreed by and between the parties that should the Sellers herein fail to build a home on the property excepted herein, the Purchasers shall have first option to purchase said land when it is offered for sale, for the sum of $1000. Sellers also agree to build a house in good taste, when they build." Without notifying the plaintiffs of his intention to sell, the defendant on or about January 26, 1970 sold the subject parcel for the sum of $3,500. Plaintiffs commenced an action for breach of contract and after joinder of issue moved for summary judgment. The court below found that the clause in question was an option giving the plaintiffs the first privilege of purchase and as such was an express contract which had been breached by the defendant, and finding no questions of fact, granted summary judgment in the amount of $2,500. The material facts are not disputed, making available summary relief. Claims are made by the defendant that the so-called option was personal to the plaintiffs while they occupied the adjoining premises but no authority is offered for this argument. There is no question but that the option by its language and backed by the consideration of the purchase price for the main parcel became an absolute right of the plaintiffs, and there is nothing to support the conclusion that these rights did exist only as long as they occupied the adjoining premises. Nor is there any doubt that this provision survived the deed (15 N. Y. Jur., Deeds, § 75). The damage for the breach of contract was the difference between the contract and the value of the land at the time of the breach. Since the breach occurred upon the sale to a third party for $3,500, the court below correctly fixed the damages at $2,500. Order and judgment affirmed, without costs. Staley, Jr., J. P., Cooke, Sweeney, Kane and Main, JJ., concur.